UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

       Plaintiff,

Case No. 2:19-cv-11600
v.                                              Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF NO. 26)

Plaintiff LinTech Global, Inc. initiated this lawsuit against Defendants CAN Softtech, Inc. ("CAN")—a former LinTech subcontractor—and Swapna Reddygari ("Reddygari")—a former LinTech employee—after the Federal Aviation Administration ("FAA") terminated its contract with Plaintiff and engaged Defendants to do "substantially the same project." (Compl., ECF No. 1 at Pg. ID 12.) In its Complaint, Plaintiff alleges (i) breach of duty of loyalty against Reddygari; (ii) breach of contract against Defendant CAN; (iii) trade secret misappropriation against both Defendants; and (iv) unjust enrichment against Reddygari. (*Id.* at Pg. ID 14-17.) The matter is presently before the Court on Plaintiff's motion to file an amended complaint to (i) revise the caption and

pleadings to comport with federal court requirements, instead of the State of Michigan's requirements, and (ii) add a Tortious Interference with a Business Relationship or Expectancy claim against both Defendants. (Pl.'s Mot., ECF No. 26.) The motion has been fully briefed. (ECF Nos. 27, 29.)

## FACTUAL AND PROCEDURAL HISTORY

The factual allegations in Plaintiff's Complaint and Proposed Amended Complaint are identical. (*See* Compl., ECF No. 1 at Pg. ID 8-14; Pl.'s Mot., ECF No. 26-1 at Pg. ID 512-20.) The Court provided a detailed account of the relevant procedural and factual background in its previous opinion and orders. (ECF Nos. 18, 19.) Those facts need not be repeated here.

## APPLICABLE STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a

claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## APPLICABLE LAW AND ANALYSIS

Under Michigan law, a tortious interference claim "requires proof of (1) a valid business relationship or expectancy; (2) knowledge of that relationship or expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a breach or termination of that relationship or expectancy; and (4) resulting damage to the plaintiff." *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 286 (6th Cir. 2010).

Defendants contend that Plaintiff's motion should be denied for two reasons: (i) the economic loss doctrine bars a tortious interference claim against CAN and (ii) Plaintiff fails to state a claim for tortious interference as to Reddygari. (Defs.' Mot., ECF No. 27 at Pg. ID 528.)

### *(i) Does the Economic Loss Doctrine Bar a Tortious Interference Claim Against CAN?*

The economic loss doctrine prohibits a plaintiff from bringing tort claims that are factually indistinguishable from breach of contract claims. *Detroit Edison Co. v. NABCO, Inc.*, 35 F.3d 236, 240-41 (6th Cir. 1994). The doctrine flows from the recognition that "contract law and tort law are separate and distinct, and [that] courts should maintain that separation in the allowable remedies." *Huron Tool &*

3

*Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 544 (Mich. Ct. App. 1995) (internal quotation marks and citation omitted).

Defendants contend that "[Plaintiff]'s proposed claim for tortious interference merely alleges breach of CAN's contractual duty, and is thus barred by the economic-loss doctrine." (Defs.' Mot., ECF No. 27 at Pg. ID 537.) In response, Plaintiff argues that the economic loss doctrine only applies to transactions involving the sale of goods—not services, as is the case here. (Pl.'s Reply, ECF No. 29 at Pg. ID 553.) The Court agrees.

In a February 20, 2020 opinion, the Michigan Court of Appeals explained that the Michigan Supreme Court has "not in any way suggest[ed] that the economic loss doctrine applie[s] to the provision of services." *George v. McGee*, No. 347636, 2020 WL 862814, at *3 (Mich. Ct. App. Feb. 20, 2020). The court went on to explain that when a "case does not involve the commercial sale of goods[,] . . . . the economic loss doctrine [does not] apply." *Id.*

The court also noted, however, that where "the economic loss doctrine does not apply, *Rinaldo*'s principles about raising tort claims for contractual breaches may." *Id.* (citing *Rinaldo's Constr. Corp. v. Mich. Bell Tel. Co.*, 559 N.W.2d 647 (Mich. 1997) ("This concept applies independent of the economic loss doctrine.")). According to the Michigan Supreme Court, "'a tort action stemming from misfeasance of a contractual obligation' may be maintained when there is 'the

4

violation of a legal duty separate and distinct from the contractual obligation.'" *Id.* (quoting *Fultz v. Union-Commerce Assoc.*, 683 N.W.2d 587, 592 (Mich. 2004)). Stated another way, "if a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not." *Hart v. Ludwig*, 79 N.W.2d 895, 898 (Mich. 1956) (internal quotation marks and citation omitted).

Plaintiff identifies a legal duty apart from the contractual obligation between it and Defendants. Under Count II (Breach of Contract), Plaintiff alleges:

> [Plaintiff] and CAN entered into the Agreement whereby ***CAN agreed it would keep [Plaintiff's] confidential and proprietary information secure, and only use such information for purposes of performing its duties under the Agreement***. [] []CAN breached the Agreement by . . . using [Plaintiff's] confidential and proprietary pricing, technical, process, customer, staffing strategy, and labor information in order to secure the FAA CAN Contract.

(Pl.'s Mot., ECF No. 26-1 at Pg. ID 521-22 (emphasis added).)

Under the proposed Count V (Tortious Interference with a Business Relationship or Expectancy), Plaintiff alleges:

> ***LinTech had a valid business relationship or expectancy in maintaining and continuing the FAA Project. []CAN and [] Reddygari had knowledge of [this] relationship or expectancy . . . .*** []CAN and [] Reddygari intentionally interfered with LinTech's relationship or expectancy in maintaining and continuing the FAA Project by soliciting the FAA CAN Contract on behalf of CAN . . . .

(Pl.'s Mot., ECF No. 26-1 at Pg. ID 524-25 (emphasis added).)

5

Construing the facts in the Proposed Amended Complaint liberally in favor of Plaintiff, *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976), the Court finds that Plaintiff adequately alleges a legal duty separate and distinct from Defendants' contractual obligation. CAN had (i) the contractual duty to keep confidential and propriety information secure and only use that information to perform its duties as outlined in the contract, as well as (ii) the legal duty to not "intentional[ly] and wrongful[ly] interfere[ ] [by] inducing or causing a breach or termination of the [business] relationship or expectancy." *PT Today, Inc. v. Comm'r of Office of Fin. & Ins. Serv.*, 715 N.W.2d 398, 422 (Mich. Ct. App. 2006). The latter duty arises notwithstanding Defendants' contractual duty.

Defendants contend that Plaintiff's tortious interference "is factually indistinguishable from its breach of contract claims." (Defs.' Resp., ECF No. 27 at Pg. ID 537.) To the extent that Defendants argue that Plaintiff's proposed tort claim is futile because it is based on the same conduct as Plaintiff's contract claim, this argument fails. "[T]he same conduct can establish viable causes of action in contract and in tort if 'separate and distinct' legal duties support those claims." *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2009 WL 3460334, at *7 (E.D. Mich. Oct. 22, 2009); *see also Davis v. Venture One Constr., Inc.,* 568 F.3d 570, 576 (6th Cir. 2009) ("The requirement of a 'separate and distinct' duty

from a contractual duty refers to a 'separate and distinct' legal duty, not a 'separate and distinct' task.").

### *(ii) Does Plaintiff State a Claim for Tortious Interference as to Defendant Reddygari?*

Defendants contend that, "[t]hough [Plaintiff] purports to plead claims against [] Reddygari under Michigan law, the appropriate law is that of Virginia." (Defs.' Mot., ECF No. 27 at Pg. ID 538.) But Defendants do not point to any controlling choice of law provision in their contract(s) with Plaintiff and do not otherwise explain why Virginia law applies.

A federal court sitting in diversity applies the substantive law of the state in which it sits. *See Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). Accordingly, Michigan law governs and Defendants' argument fails.

## **CONCLUSION**

Defendants do not cite bad faith, dilatory purpose, undue delay, or prejudice as bases to deny Plaintiff's motion to add the tort claim. Moreover, the Court finds that the motion is not futile because it states a claim upon which relief can be granted. For the foregoing reasons, the Court grants Plaintiff's Motion to Amend Complaint to add a Tortious Interference with a Business Relationship or Expectancy claim against both Defendants.

Since Defendants do not contest Plaintiff's motion to revise the caption and pleadings to comport with federal court requirements and the Court has discretion to freely give leave to amend, the Court grants Plaintiff's motion to amend the complaint accordingly.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to amend is **GRANTED**. Plaintiff shall file its First Amended Complaint no later than **14 days** from the entry of this Opinion and Order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 14, 2020