UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

    Plaintiff,

v.

                                      Case No. 2:19-cv-11600
                                      Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

    Defendants,

And

CAN SOFTTECH, INC.,

    Counter-Plaintiff,

v.

LINTECH GLOBAL, INC.,

    Counter-Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 28, 2020 ORDER**

Plaintiff LinTech Global, Inc. initiated this lawsuit against Defendants CAN Softtech, Inc. ("CAN")—a former LinTech subcontractor—and Swapna Reddygari ("Reddygari")—a former LinTech employee—after the Federal Aviation Administration ("FAA") terminated its contract with Plaintiff and engaged

Defendants to do "substantially the same project." (Am. Compl., ECF No. 1 at Pg. ID 592-93, 597.) In its Amended Complaint, Plaintiff alleges (i) breach of duty of loyalty against Reddygari; (ii) breach of contract against CAN; (iii) trade secret misappropriation against both Defendants; (iv) unjust enrichment against Reddygari; and (v) tortious interference with a business relationship or expectancy against both Defendants. (*Id.* at Pg. ID 600-05.)

On July 2, 2020, Plaintiff filed a Motion to Compel Discovery regarding certain communications between Defendants and the FAA. (ECF No. 47.) This Court referred Plaintiff's motion to Magistrate Judge David R. Grand for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 48.) On August 27, Magistrate Judge Grand held a hearing regarding the motion. During the hearing, Magistrate Judge Grand explained that, in spite of Defendants' assertion that the information contained in the relevant documents belongs to the FAA "pursuant to the agreements between [CAN] and the FAA," Defendants had not produced copies of or excerpts from such an agreement to support their assertion. (8/27/20 Hr'g Tr., ECF No. 64 at Pg. ID 1309-10, 22:1-23:3.) Magistrate Judge Grand further explained that he could not rule in favor of Defendants "without . . . [a] very specific recitation of . . . what the contract says, . . . what the document is, . . . . [and] what the FAA is saying about why it should not be produced." (*Id.* at Pg. ID 1310, 23:12-19.) For the reasons stated on the

record, Magistrate Judge Grand issued an Order compelling Defendants to produce documents in response to the following requests:

> 15. Produce all email and other correspondence between CAN and FAA between May 14, 2019 to the present date regarding, relating or referring to:
>
>     a. LinTech;
>     b. The CAN FAA Contract award and scope of work;
>     c. Justification for Sole-Source Award;
>     d. Communications to U.S. Congress to justify sole-source award; and
>     e. Hiring or potential hiring of any LinTech personnel.
>
> 23. Produce copies of all documents or communications between any agent, employee, or representative of CAN and any FAA Project representative pertaining to the FAA Project and/or CAN's interest, proposal and subsequent award to obtain the FAA Project.[1]
>
> 30. Produce copies of all communications between CAN and all FAA personnel relating to LinTech.

(*See* ECF No. 65.)

On September 10, Defendants filed an Objection to Magistrate Judge Grand's Order. (ECF No. 68.) In their brief, Defendants "narrowly object to . . . the Magistrate Judge's Order to the extent it requires the production of documents prior to CAN obtaining permission from the FAA regarding disclosure." (*Id.* at

---

[1] Magistrate Judge Grand limited the scope of Request for Production No. 23 to documents "pertaining to the decision to award the FAA project" to CAN. (*See* 8/27/20 Hr'g Tr., ECF No. 64 at Pg. ID 1313, 26:6-18.)

Pg. ID 1363.)  Defendants argue that they "cannot comply with this portion of the Order without breaching its contractual obligation." (*Id.* at Pg. ID 1369.)  To support this contention, Defendants excerpted several portions of the contract between CAN and the FAA ("FAA/CAN Contract"), including the following:

> ***In performance of this contract, the contractor and any of its subcontractors, may need access to and use various data and information in the possession of the Government.***  This data and information may have been obtained under conditions which restrict the Government's right to use and disclose this data and information or which may be adverse to the interests of the Government or other parties if it is disseminated or used in a capacity other than in performance of this contract.  ***Therefore, the contractor and its subcontractors agree to abide by any restrictive use conditions on such data and not to: (1) knowingly disclose such data and information to others without written authorization from the Contracting Officer***, unless it is already [publicly] available. . . .
>
> ***The Contractor is responsible for protecting all information used, gathered, or developed as a result of work under this Contract***.  The Contractor must protect all Government data, equipment, etc. by treating the information as sensitive. . . . The Contractor must not release data without the Government's written consent.  The Contractor must submit all requests for release to the COR/CO in writing.

(*Id.* at Pg. ID 1365-67 (citing Ex. B, ECF No. 68-3 at 3.13-15(a), H.3) (emphasis added).)

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) provide the standard of review this Court must apply when objections are filed with respect

4

to a magistrate judge's ruling on nondispositive matters. The rule provides in relevant part: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Applying this standard here, the Court rejects Defendants' Objection to Magistrate Judge Grand's Order. The contractual provisions to which Defendants point concern (i) "data and information in the possession of the Government" "accessed" or "used" "*[i]n performance of [the FAA/CAN] [C]ontract*" and (ii) "information used, gathered, or developed *as a result of work under this Contract*." (Ex. B, ECF No. 68-3 at 3.13-15(a), H.3 (emphasis added).) Defendants have not suggested that the relevant documents and communications contain information once in the possession of the Government and subsequently accessed or used by Defendants "[i]n perform[ing]" the FAA/CAN Contract. Nor have Defendants suggested that the relevant documents and communications contain information used, gathered, or developed "as a result of work" under the FAA/CAN Contract.

Additionally, it appears that much of the relevant communication occurred prior to the execution of the FAA/CAN Contract. Defendants fail to explain why such communications are subject to the contract's confidentiality provisions.

The Court also notes that defense counsel does not represent the FAA. Accordingly, defense counsel's uncorroborated assertions that "the FAA considers

5

all such communications,"—specifically, the requested documents—"to be property of the FAA and not subject to disclosure" and that "[t]he FAA has taken the position that the information contained in those documents is the FAA's information and the FAA's documents pursuant to the agreements between [CAN] and the FAA" do not move Defendants closer to showing that Magistrate Judge Grand's Order is clearly erroneous or contrary to law. (*See* ECF No. 68 at Pg. ID 1362 (citing ECF No. 52 at Pg. ID 924; 8/27/20 Hr'g Tr., ECF No. 64 at Pg. ID 1309, 22:2-8).)

## CONCLUSION

Defendants have not demonstrated that any part of Magistrate Judge Grand's Order is clearly erroneous or is contrary to law. The Court therefore rejects Defendants' Objection.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Grand's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery (ECF No. 68) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendants shall produce the supplemental responses and documents ordered by the Court within **seven (7) days**

of this Opinion and Order.

**IT IS SO ORDERED**.

<u>s/ Linda V. Parker</u>
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 18, 2020

7