UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

    Plaintiff,

v.

                              Case No. 2:19-cv-11600
                              Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

    Defendants,

And

CAN SOFTTECH, INC.,

    Counter-Plaintiff,

v.

LINTECH GLOBAL, INC.,

    Counter-Defendant.

_____/

## ORDER REGARDING EXPERT DESIGNATION

Pending before the Court is Plaintiff's request to permit it to designate J. Stott Matthews as a testimonial expert regarding the alleged spoliation of digital evidence by Defendants. (ECF No. 127.) Defendants contend that the Court should not grant Plaintiff's request because the deadline for disclosing testifying

experts was September 11, 2020 and Plaintiff knew it might need this testimony well before this cutoff date. (ECF No. 126 at Pg. ID 2426, 2428.)

Federal Rule of Civil Procedure 37(c)(1) requires a court to prohibit the late disclosure of a witness "unless the failure was substantially justified or is harmless." To assess whether a party's late disclosure is "substantially justified" or "harmless," courts consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015).

Plaintiff argues that (i) "Defendants should not be surprised by [Matthews'] expert testimony—or the timing of it—given that Defendants only recently raised highly-technical arguments pertaining to software"; (ii) any surprise can be cured by allowing Defendants to designate a rebuttal expert and submit a rebuttal expert report; (iii) extending discovery would not disrupt trial because a trial has not yet been scheduled; (iv) "[Matthews] is critical to rebutting Defendants' claim of [Plaintiff having] exclusive control over key Business Skype communications between Reddygari and the FAA"; and (iv) Plaintiff did not disclose earlier because it was not until February 27, 2021 that "Defendants, for the first time, took

the position that [Plaintiff] was under exclusive control of Reddygari's Business Skype Communications," despite Defendants' alleged "digital spoliation and [Plaintiff's] efforts to recover documents destroyed by Defendants." (ECF No. 127 at Pg. ID 2436, 2443.)

A review of Defendants' response brief does not suggest that Defendants are surprised by Plaintiff's attempt to introduce this expert testimony. (*See* ECF No. 126 at Pg. ID 2430-31.) Even if Defendants are surprised, Defendants' request that, "if the Court permits [Matthews] to testify," "Defendants should be given the same opportunit[y] . . . [to] present expert testimony on [the] subject[]," appears to concede that the surprise can be cured. (*Id.* at Pg. ID 2431-32.) And while Defendants take issue with Plaintiff's explanation for its failure to disclose because "[Plaintiff] has known about and had power over the laptops and allegedly deleted emails and FAA Skype messages for nearly two years," Defendants do not dispute Plaintiff's contention that the evidence is important and allowing the evidence would not disrupt trial. (*Id.* at Pg. ID 2430-31.)

For the foregoing reasons, the Court finds that Plaintiff's late disclosure is harmless.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to designate J. Stott Matthews as a testimonial expert is **GRANTED** and Plaintiff shall submit an expert report within **21 days** of this Order.

**IT IS FURTHER ORDERED** that Defendants may designate a rebuttal expert within **40 days** of this Order and submit a rebuttal expert report within **60 days** of this Order.

**IT IS FURTHER ORDERED** that the expert discovery deadline is **July 9, 2021**. Dispositive motions are due **21 days** after the close of expert witness discovery.

**IT IS SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: April 23, 2021