UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

    Plaintiff,

v.

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

    Defendants,

And

CAN SOFTTECH, INC.,

    Counter-Plaintiff,

v.

LINTECH GLOBAL, INC.,

    Counter-Defendant.
_____/

Case No. 2:19-cv-11600
Honorable Linda V. Parker

## OPINION AND ORDER DENYING LINTECH GLOBAL'S MOTION FOR PROTECTIVE ORDER [ECF NO. 157]

This dispute arises out of the Federal Aviation Administration ("FAA") terminating its contract with Plaintiff LinTech Global, Inc. ("LinTech") and engaging Defendants CAN Softtech, Inc. ("CAN")—a former LinTech subcontractor—and Swapna Reddygari ("Reddygari")—a former LinTech

employee—to do "substantially the same project." (Am. Compl., ECF No. 37 at Pg. ID 592-93, 597.) Pending before the Court is LinTech's Motion for Protective Order. (ECF No. 157.) The motion is fully briefed. (ECF Nos. 158, 160.) In the motion, LinTech seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). (ECF No. 157 at Pg ID 3404.) For the reasons set forth below, the Court denies the motion.

On January 12, 2022, LinTech sent a letter to the FAA seeking to depose its employees Mark Perraut, Linda Navarro, and Christine Yezzo. (*Id*. at Pg ID 3405; ECF No. 157-3 at Pg ID 3429-33.) LinTech asserts that these employees "were intimately involved" in the awarding of the FAA contract and have knowledge about LinTech's and CAN's performance. (*Id*. at Pg ID 3405.) Since July 2, 2020, LinTech and the Defendants have sought the oral or written deposition testimony of FAA employees. However, in the most recent request, LinTech specifically requests the oral deposition testimony of Perraut, Navarro, and Yezzo. (*See* ECF No. 157-3, at Pg ID3436 n.2.) On January 13, 2022, Defendants served LinTech and the FAA with cross-questions pursuant to Federal Rule of Civil Procedure 31(a)(5). (ECF No. 157-4.) Pursuant to Rule 31(a)(5), LinTech had seven (7) days after being served with cross-questions to serve the FAA and Defendants with redirect questions. Fed. R. Civ. P. 31(a)(5). However, on January 27, 2022,

LinTech instead served Defendants and the FAA with objections to the questions. (*See* ECF No. 158-3.)

On the same date, LinTech filed its motion for protective order. LinTech asks the Court to grant a protective order which:

> A. Forbids the deposition testimony of [FAA employees] from proceeding via written questions;
>
> B. Specifies that the deposition testimony of [FAA employees] shall occur by oral deposition or not at all;
>
> C. In the alternative, grant LinTech an additional 30 days to pose written objections and questions, subject to LinTech's objections as to prejudice as set forth herein;
>
> D. Grant such further relief as the Court deems just and necessary.

(ECF No. 157 at Pg ID 3408.) In response, Defendants assert that the motion is unnecessary since the FAA has advised their counsel that is not willing to have its employees sit for oral depositions, but that it is willing to engage in answering written questions. (ECF No. 158 at Pg ID 3483.) Further, Defendants concede that written deposition is not their preferred method either, but the only available means to obtain testimony. (*Id*. at Pg ID 3485.)

Federal Rule of Procedure 26(c) states that "[t]he court may, *for good cause*, issue an order to protect" from certain harms that might befall a party from whom discovery is sought. Fed. R. Civ. P. 26(c)(1) (emphasis added). The party seeking a protective order has the burden of showing that good cause exists for the order.

3

*Nix v. Sword*, 11 Fed. App'x. 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (citations and internal quotation marks omitted). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

    LinTech first argues that it has good cause because a written deposition is inappropriate and prejudicial due to the nature of the lawsuit. (ECF No. 157 at Pg ID 3417.) LinTech further argues that it needs the opportunity to ask follow-up questions on the issues and if the depositions proceed by written questions, it will be deprived of this opportunity. (*Id*. at Pg ID 3420.) However, Defendants note that Federal Rule of Civil Procedure 31(a)(5) permits "the parties to ask initial, cross, re-direct, and re-cross questions before any questions are posed to the witness, protecting both parties' interests and ability to probe answers . . . ." (ECF No. 158 at Pg ID 3484.) LinTech has failed to articulate a clearly defined serious injury and has instead articulated a mere preference in proceeding by oral

4

deposition. As such, LinTech cannot show good cause for a protective order on this basis.

Next LinTech argues that it has good cause because "49 C.F.R. § 9.15 prohibits the parties from calling Yezzo, Perraut, or Navarro as witnesses at trial or any other hearing, LinTech will have no opportunity to further explore these issues . . . ." ECF No. 157 at Pg ID 3421.) The procedures for obtaining testimony or records of an employee of the Department of Transportation in litigation between private parties are set forth in 49 C.F.R. Part 9. These regulations are applicable to its agencies, including the FAA. 49 C.F.R. § 9.3. Section 9.9 governs the authorization of testimony in litigation in which the United States is not a party and provides that "[t]he proper method for obtaining testimony or records from an employee is to submit a request to agency counsel as provided in §§ 9.13 and 9.15 . . .." 49 C.F.R. § 9.9(a). Employees are prohibited from providing testimony at trial or at a hearing before the Court. 49 C.F.R. § 9.9(d). Instead, the testimony is "limited to a single deposition, affidavit, or set of interrogatories, concerning the circumstances . . . from which the proceeding arose." *Id.* Section 9.15 covers the procedures to request testimony. 49 C.F.R. § 9.15. In relevant part, the statute reads as follows:

> The request shall specify which form of testimony (deposition, affidavit, declaration, or answers to interrogatories) is desired and the date by which it is desired; however, only one form, the

5

> one least burdensome to the Department that will provide the
> needed information, will be permitted for each witness.

49 C.F.R. § 9.15. It also requires that the party seeking such testimony must declare that "the party will not . . . seek the testimony of the witness at a hearing or trial in the proceeding." *Id*.

LinTech argues that despite the limitations in 49 C.F.R. § 9.15, "the live, oral testimony of Yezzo, Perraut, and Navarro will be the only way in which LinTech—or the Court or jury—will be able to assess credibility and demeanor." The Court does not find this argument prevailing, as LinTech's assessment of their credibility and demeanor at an oral deposition is irrelevant since 49 C.F.R. Part 9 explicitly prohibits the employees from providing testimony at trial or hearing. The Court, therefore, finds that LinTech has not established good cause for a protective order.

Lastly, Defendants argue that LinTech's request for 30 days to prepare written questions if the motion is denied is an unnecessary delay and that by serving objections, it has waived its right to cross-questions. (ECF No. 158 at Pg ID 3487 n.2.) LinTech does not address this issue in its reply. For the reasons LinTech seeks an oral deposition, including asking follow-up questions, the Court would like to give LinTech a meaningful opportunity to serve the Defendants and the FAA with redirect questions pursuant to Rule 31. The Court grants LinTech an additional seven days to serve Defendants and the FAA with redirect questions.

Accordingly,

**IT IS ORDERED** that LinTech's motion (ECF No. 157) is **DENIED**.

**IT IS FURTHER ORDERED** that LinTech is allowed to serve its redirect questions within seven (7) days of this Order.  Defendants shall have the opportunity to submit re-cross within seven (7) days of being served redirect questions.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 3, 2022