UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

       Plaintiff,

                                     Case No. 2:19-cv-11600

v.                                     Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

       Defendants,

And

CAN SOFTTECH, INC.,

       Counter-Plaintiff,

v.

LINTECH GLOBAL, INC.,

       Counter-Defendant.

_____/

## **OPINION AND ORDER**

These matters are before the Court on Defendants CAN Softtech, Inc. ("CAN") and Swapna Reddygari ("Reddygari")'s Objection and Motion to Stay Chief Magistrate Judge Grand's August 12, 2022 Order (ECF Nos. 191, 213) and Plaintiff Lintech Global, Inc.'s ("Plaintiff") Motion to Hold Defendants in Contempt (ECF No. 214) and Motion to Enter a Scheduling Order with a Trial Date (ECF No.

207.)  The motions have been fully briefed (ECF Nos. 191, 207, 210, 212, 213, 214, 215, 216) and are appropriate for determination without a hearing.  *See* LR 7.1(f)(2); *see also* Fed. R. Civ. P. 78(b).

For the reasons to be discussed, the August 12, 2022 Order is affirmed, Defendants' Motion to Stay is denied as moot, Plaintiff's Motion to Hold Defendants in Contempt is denied, and Plaintiff's Motion to Enter a Scheduling Order with a Trial Date is granted.

Plaintiff initiated this lawsuit against Defendants CAN—a former LinTech subcontractor—and Reddygari—a former LinTech employee—after the Federal Aviation Administration ("FAA") terminated its contract with Plaintiff and engaged Defendants to do "substantially the same project."  (ECF No. 1 at PageID. 592-93, 597.)

On June 17, 2022, Plaintiff filed a Motion to Compel Discovery regarding certain financial documents.  (ECF No. 174.)  This Court referred Plaintiff's motion to Chief Magistrate Judge David R. Grand ("Judge Grand") for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (ECF No. 179.)  On August 11, 2022, Judge Grand held a hearing and granted in part and denied in part, Plaintiff's motion.  (ECF No. 188.)  Defendants filed timely objections to Judge Grand's Order.  (ECF No. 191.)  Defendants did not, however, fully comply with the Order nor did they request a stay.

Judge Grand's Order required Defendants to produce, within thirty (30) days, their invoices related to the contract at issue, their redacted tax returns for the relevant period, as well as a supplemental deposition for Reddygari. (*See* ECF No. 188 at PageID. 3960.)

Defendants' Objection to Judge Grand's Order

On August 26, 2022, Defendants filed their Objection to Judge Grand's Order. (ECF No. 191.) Defendants argue that: (1) the Order is contrary to the law of the case as expressed in the Court's earlier order; and (2) the information sought is irrelevant and overbroad. (*See id.* at PageID. 4019-21.) Specifically, Defendants argue that to convince Judge Grand to find in Plaintiff's favor, Plaintiff "voluntarily withdrew its right to review any of the documents at issue. . . . [Including] both tax records and any financial records that did not specifically and solely relate to the [contract]." (*Id.* at PageID. 4019-20.)

Defendants further claim that, in reliance on Plaintiff's withdrawal, they created their Profits and Losses sheet to satisfy Plaintiff's request. (*See id.* at PageID. 4020.) Furthermore, Defendants argue that Plaintiff's production demands are "disproportionate . . . because the documents and access sought hold little relevance in this case." (*Id.* at PageID. 4021.)

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) provide the standard of review this Court must apply when objections are filed with respect

3

to a magistrate judge's ruling on nondispositive matters. The rule provides in relevant part: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Objections to a magistrate judge's nondispositive order must be both timely and specific. *See Slater v. Potter*, 28 F. App'x 512, 512 (6th Cir. 2002). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

Applying this standard here, the Court rejects Defendants' Objection. The arguments raised in Defendants' Objection are the same arguments considered by Judge Grand when deciding Plaintiff's underlying motion to compel. *Compare* ECF No. 181 at PageID. 3896, *with* ECF No. 191 at PageID. 4020.

Defendants make the same arguments on the grounds that the discovery is overbroad, arguing that the sought-after documents are irrelevant. *Compare* ECF No. 181 at PageID. 3900-01, *with* ECF No. 191 at PageID. 4021-22. Defendants have not shown that Judge Grand's Order is either clearly erroneous or contrary to law, as they repeat, nearly verbatim, their contentions raised in opposition to the initial motion to compel in their Objection.

4

An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

Defendants have not demonstrated that any part of Judge Grand's Order is clearly erroneous or is contrary to law. The Court, therefore, rejects Defendants' Objection and affirms Judge Grand's Order.

<u>Defendants' Motion to Stay</u>

Defendants move to stay Judge Grand's Order pending the outcome of the Court's decision on their Objection. This Court has inherent authority to stay proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] in its docket with economy of time and effort for itself, for counsel, and for litigants.") Given that the Court has rendered its decision on Defendants' Objection to Judge Grand's Order, Defendants' Motion to Stay is denied as moot.

<u>Plaintiff's Motion for Contempt</u>

Plaintiff moves to hold Defendants in contempt for their failure to comply with Judge Grand's Order. (ECF No. 214.)   Plaintiff argues that Defendants' Objection did not relieve Defendants of their duty to comply with the Order.  (*See id.* at PageID. 6515.)  Plaintiff is correct.  Absent a stay, our Local Rules require full compliance with magistrate judge rulings, even when the ruling has been objected to or appealed.  *See* LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.").  Defendants failed to seek a stay of Judge Grand's Order for more than a year.

Plaintiff's motion seeks the following: (1) hold Defendants in civil contempt; (2) assess a $5,000.00 fee for each day Defendants fail to comply with Judge Grand's Order; (3) award costs and fees to Plaintiff for having to file the instant motion to hold Defendants in contempt; and (4) if Defendants' non-compliance persists in excess of sixty (60) days, enter a default judgment against Defendants.  (*See* ECF No. 214 at PageID. 6518.)

<u>Applicable Law</u>[1]

The power to hold a party in contempt is within the discretion of the district court. *See Peppers v. Barry*, 873 F.3d 967, 968 (6th Cir. 1989). On a motion for civil contempt, the moving party bears the burden of proof in showing by clear and convincing evidence that the allegedly contumacious party violated a prior order of the district court. *See Glover v. Johnson*, 75 F.3d 264, 267 (6th Cir. 1996). The Federal Rules of Civil Procedure allow for sanctions for violations of discovery. Federal Rule of Civil Procedure 16 provides that a court may issue any just orders including those authorized by Federal Rule of Civil Procedure 37. Pursuant to Rule 37, the court is afforded discretion with respect to selection of an appropriate sanction.

As the Sixth Circuit has noted, in evaluating appropriate sanctions, a court should consider four factors: (1) whether the failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced; (3) whether the party was warned; and (4) whether less drastic sanctions were imposed or considered. *See Bass v.*

---

[1] Defendants argue that the factors cited by Plaintiff, and set forth in *Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995), are inapplicable as Plaintiff's requested relief is the entry of default judgment, not an order of dismissal. (*See* ECF No. 216 at PageID. 6567.) Defendants are incorrect. "The Court applies the same standard to determine whether a default is an appropriate sanction as it does to determine whether dismissal is appropriate." *Dupuis v. City of Hamtramack*, No. 2:06-CV-14927, 2007 WL 4201132, at *2 n.1 (E.D. Mich. Nov. 28, 2007) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)).

*Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995); *see also Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997).

<u>Legal Analysis</u>

Plaintiff has proven, by clear and convincing evidence, that Defendants have failed to fully comply with Judge Grand's Order.  Defendants concede this in their opposition to Plaintiff's motion. (*See* ECF No. 216 at PageID. 6561.)  However, after review of the factors, the Court does not find it appropriate to hold Defendants in contempt as the factors set forth above are evenly balanced.  The Court will address each in turn.

First, to show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (citation omitted); *see also Bass*, 71 F.3d at 241 ("A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order.").

Plaintiff argues that Defendants have a "pattern and practice of obstruction, noncooperation and delay." (*See* ECF No. 214 at PageID. 6506.)  Plaintiff has previously filed two motions for sanctions related to discovery against Defendants

8

in this matter.[2]  (*See* ECF Nos. 79, 137.)  Plaintiff's first motion was denied, as the Court did not find the conduct sanctionable,[3] while its second motion was denied as moot by Judge Grand.  (*See* ECF No. 217 at PageID. 6598; *see also* Sept. 28, 2021, Text-Only Order.)

Defendants argue that they complied with the Order when they produced seventy-nine (79) documents related to the unobjected portions of Judge Grand's Order.  (*See* ECF No. 216 at PageID. 6561.)  Moreover, Defendants argue that Plaintiff's nonresponse to their Objection caused them to not move for a stay or otherwise fully comply with the Order.  (*See id*.)

Defendants' belief that Plaintiff was required to respond to their Objection was mistaken. Plaintiff was not required to respond to Defendants' Objection.  *See* Fed. R. Civ. P. 72(b)(2) (emphasis added) ("A party *may* respond to another party's objections within 14 days after being served with a copy."); *see also Allstates Refractory Contractors, LLC v. Su*, 79 F.4th 755, 780 (6th Cir. 2023) (Nalbandian, J., dissenting) (alteration and emphasis in original) (quoting ANTONIN SCALIA & BRYAN A. GARNER, *Reading Law: The Interpretation of Legal Texts* 112 (2012)) ("The traditional, commonly repeated rule is that *shall* is mandatory and *may* is

---

[2] Defendants have also previously filed a motion for discovery related sanctions against Plaintiff.  (*See* ECF No. 83)

[3] At the January 11, 2021 hearing on the previous motions for sanctions, the Court noted the lack of collegiality amongst the parties. (*See* ECF No. 217 at PageID. 6598.) is this relevant to the denial of relief based on mootness?

permissive[.]").  The Court requires full compliance with discovery orders absent a stay.  *See* LR 72.2.

Given that Defendants had a duty to fully comply with Judge Grand's Order and failed to do so without seeking a stay, Defendants are at fault for their failure to fully comply.  This, combined with this case's protracted history, and the multiple discovery-related requests for sanctions from both parties, weighs in favor of holding Defendants in contempt.

Second, the Court looks at whether Plaintiff was prejudiced by Defendants' failure to comply with Judge Grand's Order. Plaintiff argues that Defendants' failure to produce the identified financial documents leaves it unable to conduct expert discovery.  (*See* ECF No. 214 at PageID. 6156.)  While the Court requires strict compliance with its discovery orders, the parties have concurred on the entry of a scheduling order allowing for a ninety (90) day extension of the expert discovery deadline.  *See infra*.  As a result, Plaintiff is not prejudiced by Defendants' failure to produce discovery.  This factor, therefore, weighs against holding Defendants in contempt.

Third, the Court looks to whether the party was warned.  As mentioned *supra*, the Court previously considered sanctions for discovery violations in a previous order.  (*See* ECF No. 98.)  At the hearing for the previous motions for sanctions, the Court did not address the prospect of noncompliance with its orders.  Furthermore,

neither the Court's scheduling orders nor Judge Grand's August 12, 2022 Order identify the consequences for noncompliance.  *See Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 323 (E.D. Mich. 1996) (holding that the court's order did not "mention any sanctions for failure to comply," therefore, the court "ha[d] not given any explicit notice to [noncompliant party].")  As a result, this factor too weighs against holding Defendants in contempt.

Fourth, the Court is to consider whether less drastic sanctions were considered or imposed.  As previously mentioned, the Court held a hearing on the parties previously filed motions for sanctions, wherein the Court considered the parties' conduct during discovery and found that it was not sanctionable behavior. Consequently, this factor weighs against holding Defendants in contempt.

As a result, the factors are evenly balanced, and Plaintiff's Motion to Hold Defendants in Contempt is denied.  To the extent it is necessary, this ruling shall serve as a warning to all parties that the Court expects strict compliance with all orders, including discovery orders, and the Court, either in a previous ruling, or the instant, has considered the prospect of sanctions against all parties for noncompliance.

<u>Plaintiff's Motion for a Scheduling Order with a Trial Date</u>

Plaintiff filed a motion seeking the entry of a scheduling order with a trial date. Defendants concur with several of Plaintiff's requests, including Plaintiff's

request for a ninety (90) day extension to complete expert discovery. (*See* ECF No. 210 at PageID. 6464.) This concurrence renders moot Plaintiff's claim that it has been prejudiced by not being able to complete expert discovery as a result of Defendants' failure to comply with Judge Grand's Order.

Defendants concur with Plaintiff in all but the following two respects of the scheduling order: (1) the deadline for fact discovery; and (2) an alternative magistrate judge to conduct the settlement conference. Given that the Court has denied Defendants' Objection to Judge Grand's Order, which requires the production of certain discovery, the fact discovery deadline will be extended to enable compliance with Judge Grand's Order.

With respect to Defendants request for an alternative magistrate judge to conduct their settlement conference, case assignment and settlement conferences are governed by the Local Rules of the United States District Court for the Eastern District of Michigan. Specifically, settlement conferences are governed by Local Rule 16.6. *See* LR 16.6 ("The judge assigned to the case may order a settlement conference to be held before that judge, another district judge or a magistrate judge."); *see also* LR 72.1(a)(2)(E). Case assignments are governed by Local Rule 83.11(a)(1). *See* LR 83.11(a)(1) ("[T]he Clerk shall employ a random method for the assignment of civil cases (excluding social security cases and special civil cases) to Judges."). "Local rules governing the assignment of cases are designed as internal

housekeeping rules to promote the efficient operation of the district courts." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984).

This case has an extensive history, spanning more than four years, for which Judge Grand has served dutifully as the magistrate judge and is more than well equipped to continue to do so. Introduction of an alternative magistrate judge to conduct the settlement conference would reduce the efficiency of this matter. As a result, Defendants' request for an alternative magistrate judge to conduct the settlement conference is denied.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Chief Magistrate Judge Grand's Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery (ECF No. 188) is **AFFIRMED**; and it is further

**ORDERED** that Defendants' Motion to Stay Chief Magistrate Judge Grand's Order (ECF No. 213) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's Motion to Hold Defendants in Civil Contempt (ECF No. 214) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Enter a Scheduling Order with a Trial

Date (ECF No. 207) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 26, 2023

14