UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

    Plaintiff/Counter-Defendant,

v.

Case No. 2:19-cv-11600
Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

    Defendants/Counter-Plaintiffs.
_____/

# OPINION AND ORDER DENYING PLAINTIFF'S RENEWED MOTION TO COMPEL AND TO HOLD DEFENDANTS IN CONTEMPT (ECF NO. 225) AND GRANTING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER (ECF NO. 235)

These matters are before the Court on Plaintiff/Counter-Defendant LinTech Global, Inc.'s ("LinTech") renewed motion to compel production of payroll records and to hold Defendants in contempt (ECF No. 225) and motion to amend the scheduling order (ECF No. 235). Defendants/Counter-Plaintiffs Swapna Reddygari ("Reddygari") and CAN SoftTech, Inc. ("CAN") (collectively "Defendants") oppose the motion to compel payroll records and to hold them in contempt (ECF No. 229) but concur, in principle, on the entry of an amended scheduling order (ECF No. 236).

Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of

Michigan Local Rule 7.1(f).  For the following reasons, LinTech's motions to compel and hold Defendants in contempt are denied.  LinTech's motion to amend the scheduling order is granted.

## I.   FACTUAL BACKGROUND

LinTech initiated this lawsuit against Defendants after the Federal Aviation Administration ("FAA") terminated its contract with LinTech and engaged Defendants to do "substantially the same project."  (ECF No. 1 at PageID. 592-93, 597.)

On June 17, 2022, LinTech filed a Motion to Compel Discovery regarding certain financial documents.  (ECF No. 174.)  Specifically, the motion sought to compel the following:

> A. Accounting records and entries from CAN's Wave accounting software (or any other accounting software) pertaining to CAN's costs, expenses, and revenues relating to the CAN Contract, including those Reddygari used to compile her 2019 and 2020 "profit" spreadsheets and those necessary to calculate profits in 2021 and 2022.
> B. Payroll records and entries from CAN's ADP software (or any other accounting software) pertaining to CAN's labor expenses on the CAN Contract, including those Reddygari used to compile her 2019 and 2020 and those necessary to calculate profits in 2021 and 2022.
> C. CAN's Profit & Loss, Balance Sheet, Income Statement, and general accounting ledger for 2017, 2018, 2019, 2020, 2021, and interim statement for 2022.
> D. CAN's tax records for 2017, 2018, 2019, 2020, and 2021.

(ECF No. 174 at PageID. 3782.)

The Court referred the motion to Chief Magistrate Judge David R. Grand ("Judge Grand") pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 179.) Judge Grand held a hearing on August 11, 2022, and on August 12, 2022, granted in part and denied in part, LinTech's motion to compel discovery. (ECF No. 188.) The August 12, 2022 Order required Defendants to produce: (1) their invoices related to the contract at issue (*see id.* at PageID. 3958); (2) their redacted tax returns for the relevant period (*see id.* at PageID. 3960); (3) "accounting records," as referenced in the hearing held on August 11, 2022 (*see id.* at PageID. 3959-60); and (4) Reddygari for a supplemental deposition. (*Id.* PageID. 3960.)

Specifically, Judge Grand's Order stated the following:

> The Court has held multiple hearings during which it addressed this issue [of calculating Defendants' Costs of Goods Sold/operating expenses], most recently on August 11, 2022. During that hearing, the Court explained, in great detail, the accounting records that CAN must produce related to the relevant period expenses, which, in conjunction with the supplemental deposition of Ms. Reddygari discussed on the record, will reasonably enable Lintech to evaluate and challenge CAN's reported Cost of Goods Sold/operating expenses for the DMS Contract. Accordingly, the referenced records, as well as CAN's relevant-period tax returns (redacted as discussed on the record), shall be produced within 30 days. Ms. Reddygari shall then be deposed and she shall be fully prepared to explain how she calculated the Cost of Goods Sold/operating expenses figures.

(*Id.* at PageID. 3959-60 (alteration added).) The motion was denied in all other aspects. (*Id.* at PageID. 3960.)

Defendants filed timely objections to Judge Grand's Order. (ECF No. 191.) Defendants did not, however, fully comply with the Order nor did they request a stay. On September 15, 2023, LinTech moved for the entry of a scheduling order. (ECF No. 207.) On October 5, 2023, Defendants moved to stay enforcement of Judge Grand's Order, pending the outcome of their objections. (ECF No. 213). On October 6, 2023, LinTech moved to hold Defendants in civil contempt for their failure to comply with Judge Grand's Order. (ECF No. 214.)

On October 26, 2023, in addressing the parties' motions, the Court issued an opinion and order where it: (1) overruled Defendants' objections and affirmed Judge Grand's Order; (2) denied as moot Defendants' motion to stay Judge Grand's Order; (3) denied LinTech's motion for civil contempt; and (4) granted LinTech's motion to enter a scheduling order. (ECF No. 218 at PageID. 6614-15.)

Importantly, when considering the prospect of holding Defendants in contempt and imposing sanctions, the Court found that the factors did not weigh in favor of holding Defendants in contempt. (*Id.* at PageID 6609.) Specifically, the Court found that the four factors identified in *Bass v. Jostens*, did not weigh in favor of holding Defendants in contempt. 71 F.3d 237, 241 (6th Cir. 1995) (identifying the four factors as: (1) whether the failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced; (3) whether the party was

warned; and (4) whether less drastic sanctions were imposed or considered). The Court concluded its analysis by cautioning:

> To the extent it is necessary, this ruling shall serve as a warning to all parties that the Court expects strict compliance with all orders, including discovery orders, and the Court, either in a previous ruling, or the instant, has considered the prospect of sanctions against all parties for noncompliance.

(ECF No. 218 at PageID. 6612.)

Thereafter, the parties appeared for a telephonic status conference before Judge Grand on November 13, 2023, to discuss "ongoing discovery disputes related to [P]laintff's requests for documents and [D]efendants' compliance with the Court's prior orders." (Nov. 13, 2023, Minute Entry (alterations added).) Judge Grand further cautioned that "[i]n the event additional motion practice is required to enforce prior Court orders, the Court may impose an appropriate sanction." (*Id.* (alteration added).)

Following the November 13, 2023 status conference, LinTech demanded production of the following five "payroll records":

> 1. CAN's Payroll Journal, as well as that in the possession of any third-party payroll processing company (including ADP).
> 2. CAN's Employee Earnings Statement, as well as that in the possession of any third-party payroll processing company (including ADP).
> 3. CAN's Job Costing, as well as that in the possession of any third-party payroll processing company (including ADP).
> 4. CAN's W-2s and 1099s for each employee and 1099 that performed work on the DMS Contract at anytime.

5

    5. CAN's W-2s and 1099s for each employee and 1099 that performed work on any non-DMS project at any time.

(ECF No. 225 at PageID. 6676-77.) Defendants did not produce any "payroll records." On November 17, 2023, Defendants produced the following:

    1. All DMS Project invoices from the FAA to CAN
    2. CAN's federal tax returns for 2019, 2020, 2021, and 2022
    3. Output of CAN's general ledger from its accounting software for 2019, 2020, 2021, 2022, and 2023.

(ECF No. 229 at PageID. 6814.) On December 22, 2023, LinTech filed the instant motion for contempt and to compel production of payroll records. (ECF No. 225.)

Parties' Arguments

With respect to LinTech's motion to compel, it argues that it requested certain payroll records which are necessary for it to calculate Defendants' apportionment of labor on the contract at issue. (ECF No. 225 at PageID. 6677; *see also* ECF No. 235 at PageID. 6923 ("LinTech needs these payroll records so that LinTech's economic damages expert . . . can complete his disgorgement analysis and expert report.").) It further argues that Defendants have waived their objections to the discovery and the burden to produce these records are minimal. (*Id.* at PageID. 6684-85.)

With respect to its motion to hold Defendants in civil contempt, it argues that Defendants have continued to willfully violate Judge Grand's Order of August 12, 2022, and this Court's Order of October 26, 2023. (*Id.* at PageID. 6681.)

In response to the motion to compel, Defendants argue that the Court already concluded that payroll records do not need to be produced. (ECF No. 229 at PageID. 6825.) They further argue that the Court should not compel payroll records as there is no need for them and the request is overly broad. (*See id.* at PageID. 6825.)

In response to the motion to hold them in civil contempt, Defendants argue that while Judge Grand's August 12, 2022 Order requires them to produce "accounting records," LinTech takes these words out of context as there was no mention of "payroll records." (*See* ECF No. 229 at PageID. 6813.)

LinTech requests the following relief: (1) compel CAN's 1099 and W-2 forms from 2019 onward; (2) compel CAN to produce payroll reports, including Payroll Journal, Employee Earnings Statement, and Job Costings, from 2019 onward; (3) hold Defendants in civil contempt of court until they fully comply with Judge Grand's August 12, 2022 Order; (4) assess a $5,000.00 fee, payable to LinTech, for each day Defendants fail to produce the payroll records; (5) enter a default judgment against Defendants if they fail to produce the records for more

7

than twenty-one days; and (6) award LinTech the fees and costs associated with their motion. (ECF No. 225 at PageID. 6685-86.)

## II. LEGAL STANDARD

<u>Motion for Civil Contempt</u>

The power to hold a party in contempt is within the discretion of the district court. *See Peppers v. Barry*, 873 F.3d 967, 968 (6th Cir. 1989). Civil contempt orders can coerce parties to comply with court orders and can compensate aggrieved parties for an opposing party's noncompliance. *See Glover v. Johnson*, 199 F.3d 310, 313 (6th Cir. 1999).

"A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *N.L.R.B. v. Cincinnati Bronze, Inc.*, 920 F.2d 585, 591 (6th Cir. 1987) (alteration in original) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). "The definite and specific requirement guards against arbitrary exercises of the contempt power." *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (internal citations omitted). "Contempt cannot be based on a decree too vague to be understood but is instead reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate." *Id.*

8

To justify a finding of civil contempt, the movant must show: (1) that a prior order "clearly and unambiguously imposed an obligation on the opposing party;" (2) clear and convincing evidence of the opposing party's noncompliance; and (3) the opposing party did not diligently attempt to comply with the order. *Int'l Union, Sec., Police & Fire Pros. of Am. (SPFPA) v. Maritas*, No. 13-CV-11734, 2014 WL 12660123, at *5 (E.D. Mich. Jan. 16, 2014); *see also McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 504 (6th Cir. 2000). It is well established that this "clear and convincing" civil contempt standard is "not a light burden" and requires something more than preponderance of the evidence. *Elec. Workers Pension Tr. Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).

As to the first prong, "ambiguities must be resolved in favor of the party charged with contempt." *Lowrey v. Beztak Properties*, No. 06-13408, 2009 WL 189967, at *4 (E.D. Mich. Jan. 27, 2009) (citing *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)). As to the third prong, federal courts "consider whether the defendant 'took all reasonable steps . . . to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers*, 873 F.2d at 969).

In evaluating appropriate sanctions, a court should consider four factors: (1) whether the failure is due to willfulness, bad faith, or fault; (2) whether the

9

adversary was prejudiced; (3) whether the party was warned; and (4) whether less drastic sanctions were imposed or considered. *See Bass*, 71 F.3d at 241; *see also Harmon v. CSX Transp.*, 110 F.3d 364, 366-67 (6th Cir. 1997).[1]

## Motion to Compel

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). As Rule 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But

---

[1] One of LinTech's requested forms of relief is the entry of a default judgment. (ECF No. 225 at PageID. 6685.) Defendants argue that *Bass* is inapplicable as LinTech's requested relief is not an order of dismissal. Defendants are incorrect and the Court rejected this same argument in response to Defendants' previous motion. (*See* ECF No. 218 at PageID. 6608 n.1.) "The Court applies the same standard to determine whether a default is an appropriate sanction as it does to determine whether dismissal is appropriate." *Dupuis v. City of Hamtramack*, No. 2:06-14927, 2007 WL 4201132, at *2 n.1 (E.D. Mich. Nov. 28, 2007) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)).

the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

### III. LEGAL ANALYSIS

1. <u>Motion for Civil Contempt</u>

After review of the transcript of the August 11, 2022 hearing (ECF No. 190) and the August 12, 2022 Order, LinTech has not shown by clear and convincing evidence that the "payroll records" they now seek were specifically defined in Judge Grand's Order. LinTech's motion to compel, which Judge Grand granted in part and denied in part, sought relief in the form of, among other things: (a) accounting records; and (b) payroll records. (ECF No. 174 at PageID. 3782.) Judge Grand granted the motion, in part, holding that "the accounting records that CAN must produce related to the relevant period expenses . . . will reasonably enable LinTech to evaluate and challenge CAN's reported Cost of Goods Sold/operating expenses for the DMS Contract." (ECF No. 188 at PageID. 3960.) The motion was denied in all other aspects, including the payroll records. (*Id.*)

While LinTech demanded supplemental discovery from Defendants after the Court affirmed Judge Grand's August 12, 2022 Order, there is no Order requiring the production of "payroll records" for which Defendants could be in contempt.

11

As a result, LinTech's motion to hold Defendants in contempt is denied as it has failed to establish, by clear and convincing evidence, that there is an order that Defendants are violating.

   2. Motion to Compel

Turning to LinTech's renewed motion to compel, with respect to its first argument that it needs payroll records to determine how to properly allocate the massive labor and subcontractor expenses claimed by Defendants, this same argument, on the issue of Defendants' profitability, was raised before the Court in LinTech's original motion to compel.  (*See* ECF No. 174 at PageID. 3780 ("The requested information is critical in accurately assessing CAN's actual profits. Information regarding the amount of damages to which LinTech may be entitled is relevant and discoverable.").)  Judge Grand considered this argument in its August 12, 2022 Order and found that the accounting records, not the payroll records, need to be produced.  (ECF No. 188 at PageID. 3960.)

LinTech further argues that Defendants have waived their objections to producing discovery and the burden to produce these records are minimal.  (*Id.* at PageID. 6684-85.)  These arguments are unpersuasive as Judge Grand has already found that these records do not need to be produced and this Court accepted this finding.  First, the burden of production is irrelevant when the sought-after discovery has not been compelled as Judge Grand has already denied LinTech's

request with respect to these documents. Second, LinTech argues that failure to object to a discovery request constitutes waiver and cites to *Margni, Inc. v. Wylie*, No. 09-cv-11931, 2009 WL 10720703, at *3 (E.D. Mich. Dec. 4, 2009) for support. (*See id.* at PageID. 6684.)

LinTech's reliance on *Margni* is misguided. There, the court "examine[d] the circumstances of [the] case to determine whether enforcement of the waiver [was] equitable, including the reason for tardy compliance, prejudice to the opposing party[,] and the facial propriety of the discovery requests." *Margni*, 2009 WL 10720703, at *3 (alterations added) (citing *Carfango v. Jackson Nat'l Life Ins. Co.*, No. 5:99-118, 2001 WL 34059032, at *5-6 (W.D. Mich. Feb. 13, 2001)).

Here, the reason for Defendants' tardy compliance is Judge Grand did not compel the requested discovery. Therefore, there is no waiver of Defendants' objection to the discovery request, as the request was denied in the August 12, 2022 Order and affirmed in this Court's October 26, 2023 Order.

LinTech asserts the same arguments on behalf of the requested 1099s and W-2s. (*See* ECF No. 225 at PageID. 6677 (alteration added) ("[T]he requested payroll records [including 1099s and W-2s] are necessary for LinTech to calculate Defendant's apportionment of labor on the DMS contract versus other projects.").) The Court sees no reason to disturb its original affirmation of Judge Grand's ruling

13

that the payroll records do not need to be produced as this Court considered these arguments in its previous Order and no new arguments have been presented.

## IV.   CONCLUSION

For the reasons set forth above, Judge Grand's August 12, 2022 Order did not compel the production of payroll records, this Court affirmed his Order, and accordingly, Defendants cannot be in contempt of the Order.  Further, LinTech's renewed motion to compel the payroll records does not present any new arguments that have not been considered in the original Order.  Lastly, Plaintiff presents no argument on behalf of its request to compel Defendants to produce their 1099s forms and W-2 forms.

Accordingly,

**IT IS HEREBY ORDERED** that LinTech's renewed motion to hold Defendants in civil contempt and compel production of payroll records (ECF No. 225) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the scheduling order (ECF No. 235) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will amend its scheduling order.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 11, 2024

14