UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINTECH GLOBAL, INC.,

Plaintiff,

v.

Case No. 2:19-cv-11600
Honorable Linda V. Parker

CAN SOFTTECH, INC., and
SWAPNA REDDYGARI,

Defendants,

and

CAN SOFTTECH, INC.,

Counter-Plaintiff,

v.

LINTECH GLOBAL, INC.,

Counter-Defendant.
_______________________________/

**OPINION AND ORDER GRANTING LINTECH GLOBAL INC.'S MOTION TO INCREASE SUPERSEDEAS BOND**

This case is before the Court on Plaintiff LinTech Global, Inc.'s request for an increase in Defendants' supersedeas bond, which Defendants posted pursuant to Federal Rule of Civil Procedure 62(b) to secure a stay in the execution of the Amended Judgment in this matter.

**BACKGROUND**

After a nine-day jury trial in this matter, the jury rendered a verdict finding that Defendant Swapna Reddygari breached her duty of loyalty to Plaintiff LinTech Global, Inc. ("LinTech"), and that Ms. Reddygari and Defendant CAN Softtech, Inc. tortiously interfered with LinTech's business relationship or expectancy. (*See* ECF No. 330.) The jury also found that LinTech was liable to CAN Softtech on an account stated claim. (*Id.*)

The jury awarded LinTech damages as follows: $86,070.00 on its breach of duty of loyalty claim against Ms. Reddygari; $206,569.00 on its tortious interference claim against Ms. Reddygari; and $6,546,542.00 on its tortious interference claim against CAN Softtech. (*Id.*) The jury awarded CAN Softtech $49,920.00 on its account stated counterclaim against LinTech. (*Id.*) On October 30, 2025, the Court entered a Judgment reflecting the jury's award, including "interest and costs as allowed by law." (ECF No. 333.) Defendants appealed.

Defendants thereafter posted a bond in the amount of the total Judgment against them: $6,850,186.41 (ECF No. 357-1.) For that reason, the Court stayed execution of the Judgment pending appeal. (12/19/25 Text-Only Entry.) Subsequently, LinTech requested an amended judgment to include costs and the interest on the Judgment to which it was due. The Court entered the Amended Judgment on February 27, 2026, which added interest and costs totaling

$1,678,286.89 to LinTech's award. (ECF No. 362.) The Amended Judgment further indicated that post-judgment interest would continue to accrue at the annual rate of 3.57%, computed daily and compounded annually until paid in full. (*Id.*)

According to LinTech, with accrued post-judgment interest, the amount due to it from Defendants as of September 3, 2026, was $8,783,753.73. (*See* ECF No. 368 at PageID.14778; ECF No. 368-2.) LinTech calculates a total amount due of $9,043,289.58, assuming an appeal period through July 3, 2027. (*See* ECF No. 368 at PageID.14778; ECF No. 368-3.) This leaves a deficiency between the supersedeas bond posted by Defendants and the Amended Judgment through appeal of $2,193,103.17.

Claiming that the current supersedeas bond therefore is insufficient, LinTech has moved for an increase in the bond Defendants must post to stay execution of the judgment. The Court held a hearing on LinTech's request on October 5, 2026.

**APPLICABLE LAW AND ANALYSIS**

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). As the Sixth Circuit stated on appeal in the present matter, "[a] supersedeas bond protects both sides of an appeal; its purposes are to 'secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligations pending appeal and to protect the prevailing party from the costs that it incurs in

foregoing execution of judgment until the appeal is decided.'" (ECF No. 367 at 3 (quoting *Chalfonte Condo. Apartment Ass'n v. QBE Ins. Corp.*, 695 F.3d 1215, 1232 (11th Cir. 2012).) However, Rule 62 further provides that "[i]n the alternative, the appellant may move that the district court employ its discretion to waive the bond requirement." *United States v. Church*, No. 19-1528, 2019 U.S. App. LEXIS 22620, at *2 (6th Cir. July 30, 2019) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988)). "[C]ourts typically reserve discretionary stays for instances where there is no doubt that the defendants can pay what they owe." *Church*, 2019 U.S. App. LEXIS 22620, at *2 (citing *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003)).

The burden falls on the party seeking to waive the bond requirement in Rule 62(b) "to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof." *Id.* (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

As this Court stated on the record at the hearing, Defendants have not satisfied their burden here. They failed to present evidence leaving this Court with "no doubt" that they "can pay what they owe." Defendants' evidence, which is limited to information pulled from a public website summarizing five federal government contracts awarded to CAN Softtech (*see* ECF Nos. 369-2 to ECF No.

369-6), is not persuasive for several reasons. For instance, the information fails to reveal the profit CAN Softtech expects to earn from these contracts. It also is unclear whether any expected profit was already pledged to secure the current supersedeas bond.

LinTech's request to increase the supersedeas bond is, therefore, **GRANTED**. Defendants have thirty (30) days to secure an additional bond of $2,193,103.17.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 7, 2026